IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION No.: 2:19-cv-18461-MCA-LDW |
| Plaintiff, | | |
| v. | | |
| JASON HINES, INDIVIDUALLY, AND D/B/A DEDICATED BUSINESS SYSTEMS INTERNATIONAL, LLC, | | |
| and | | |
| DEDICATED BUSINESS SYSTEMS INTERNATIONAL, LLC, | | |
| and | | |
| TRI-STATE COMMUNICATION SERVICES, LLC, D/B/A US VOICE AND DATA, LLC, | | |
| Defendants. | | |

**<u>STIPULATION</u>**

IT IS HEREBY STIPULATED AND AGREED, by and between State Farm Fire and Casualty Company ("State Farm") and Defendants, Jason Hines, Individually, and d/b/a Dedicated Business Systems International, LLC ("Hines"), Dedicated Business Systems International, LLC ("DBSI") and Tri-State Communication Services, LLC, d/b/a US Voice and Data, LLC ("Tri-State"):

      1.     State Farm filed the instant action seeking a declaration of its duties and obligations to Defendants under certain policies of insurance issued by State Farm to DBSI, in connection with the underlying action captioned *Avaya Inc. v. Raymond Bradley Pearce a/k/a*

1

*"Brad" Pearce, et al.*, Case No. 3:19-cv-00565, pending in the United States District Court for the Northern District California ("Underlying Action").

  2. State Farm issued Businessowners Policy No. 90-BK-F157-4 to DBSI, which became effective on September 28, 2010 and was renewed annually through September 28, 2012 ("2010 Policy").

  3. State Farm issued Businessowners Policy No. 90-BQ-L460-6 to DBSI, which became effective on August 15, 2013 and was renewed annually through August 15, 2019 ("Policy").

  4. State Farm also issued Commercial Liability Umbrella Policy No. 90-BR-P944-9 to DBSI, which became effective on October 17, 2012 and was renewed annually through October 17, 2019 ("CLUP Policy").

  5. The 2010 Policy, Policy and CLUP Policy are referred to as the "State Farm Policies".

  6. The State Farm Policies potentially provide coverage to the Named Insured, DBSI, and any person or entity who satisfies the definition of "Who Is An Insured" or any person or entity who is added to the State Farm Policies as an additional insured by endorsement.

  7. Hines satisfies the definition of "Who Is An Insured" and, therefore, qualifies as an insured under the State Farm Policies with respect to the conduct of DBSI's business.

  8. Tri-State does not satisfy the definition of "Who Is An Insured" and is not named as an additional insured by endorsement and, therefore, does not qualify as an insured under the State Farm Policies.

9. Tri-State agrees that it does not qualify as an insured under the State Farm Policies and withdraws its claims for coverage under the State Farm Policies for any of the claims asserted against it in the Underlying Action.

10. The 2010 Policy was in effect from September 28, 2010 and was renewed annually through September 28, 2012.

11. As the allegations in the second amended complaint filed in the Underlying Action ("Underlying Second Amended Complaint") are currently pled, it does not appear that any damages sought by Avaya Inc. ("Avaya") arose out of conduct that took place prior to 2014.

12. Hines and DBSI agree there is no coverage potentially available under the 2010 Policy and withdraw their claims for coverage under the 2010 Policy for any of the claims asserted against them in the Underlying Action.

13. In accordance with the above, State Farm agrees to withdraw Count I, Count II, Count V, and Count XI, and any claims related to Tri-State's claim for coverage or Hines and DBSI's claim for coverage under the 2010 Policy, of its Amended Complaint for Declaratory Judgment.

14. State Farm, Hines, DBSI and Tri-State understand and agree that this Stipulation relates to the claims alleged in the Underlying Action as currently set forth in the underlying second amended complaint, which the parties understand to be the current operative complaint. The parties agree to meet and confer to determine the applicability of the stipulations set forth herein should the underlying complaint be amended and agree that the stipulations will be amended in accordance with potential new allegations should an amended complaint make allegations prior to 2014 or implicate insurance coverage for Tri-State

<div style="display: flex;">

KENNEDYS CMK, LLP

BY: */s/ Elizabeth A. Sutton*
Elizabeth A. Sutton, Esq.
Victoria E. Allen, Esq.
1600 Market Street, Suite 1410
Philadelphia, PA 19103

Attorneys for Plaintiff

Dated:  April 2, 2020

THE KILLIAN FIRM, P.C.

BY: */s/ Amy E. Robinson*
Amy E. Robinson, Esq.
Eugene Killian, Jr., Esq.
555 Route 1 South, Suite 430
Iselin, NY 08830

Attorneys for Defendants

</div>

SO ORDERED

*s/Madeline Cox Arleo*
MADELINE COX ARLEO, U.S.D.J.

Date:  4/3/20